**Bryan Edwin RANSOM, Plaintiff—Appellant,**

v.

**GREENWOOD; et al., Defendants—Appellees.**

No. 06–56500.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.*

Filed Aug. 1, 2008.

R.App. P. 34(a)(2).

Bryan Edwin Ransom, Corcoran, CA, pro se.

Terrence F. Sheeny, Esq., Susan Myster, Esq., Office of the California Attorney General, San Diego, CA, for Defendants–Appellees.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

### MEMORANDUM **

Bryan Edwin Ransom, a California prisoner, appeals pro se from the district courts judgment for defendants in his 42 U.S.C. § 1983 action alleging violations of his First, Fourth, and Fourteenth Amendment rights. We have jurisdiction pursuant 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.2004), and we affirm.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The district court properly granted summary judgment on Ransom's claim that defendants censored him in violation of the First Amendment when they opened his mail, because, in the context of prison mail, "freedom from censorship is not equivalent to freedom from inspection[.]" *Wolff v. McDonnell*, 418 U.S. 539, 576, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

■ The district court properly granted summary judgment on Ransom's claim that defendants violated the Fourth Amendment when they searched and temporarily seized his mail, because they were acting to keep the prison safe and free of contraband. *See Hudson v. Palmer*, 468 U.S. 517, 527, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) ("[Prison administrators] must be ever alert to attempts to introduce drugs and other contraband into the premises. . . ."); *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir.1995) ("[A] prison may adopt regulations which impinge on an inmate's constitutional rights if those regulations are reasonably related to legitimate penological interests. . . . [T]he regulation [need not] satisfy a least restrictive means test.") (internal quotation marks omitted).

■ The district court properly granted summary judgment on Ransom's access to the courts claim because Ransom's sham affidavit contradicted his prior deposition testimony and therefore could not be used to defeat the motion for summary judgment. *See Radobenko v. Automated Equip. Corp.*, 520 F.2d 540, 543–44 (9th Cir.1975) (concluding that a sham affidavit that flatly contradicted earlier testimony could not be used to create an issue of fact and avoid summary judgment).

We lack jurisdiction to consider a challenge to the district court's order denying

Ransom's motion for a new trial. *See* Fed. R.App. P. 4(a)(4)(B)(ii) (requiring an amended notice of appeal when a party intends to challenge an order denying a motion for a new trial).

Ransom's remaining contentions lack merit.

**AFFIRMED.**